UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN RETTMAN, | No. 2:16-cv-0885 JAM KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| RAYTHEL FISHER,[1] | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel. Respondent moves to dismiss this action as barred by the statute of limitations. Petitioner filed an opposition, and respondent filed a reply. As set forth below, the undersigned recommends that the motion to dismiss be granted.

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under

---

[1] Respondent notes that the proper spelling of respondent's first name is "Raythel," which the court adopts herein. (ECF No. 10 at 1.)

Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered. Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012). However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999),

overruled on other grounds by Carey, 536 U.S. at 214.  In Carey, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review.  Id., 536 U.S. at 220, 222-23.  State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III.  Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On August 28, 1998, petitioner pled no contest to first degree murder, attempted second degree robbery, and conspiracy to commit robbery.  (Respondent's Lodged Document ("LD") 1.)  On December 21, 1998, petitioner was sentenced to an indeterminate state prison term of twenty-nine years to life.  (LD 1, 11 (Reporter's Transcript on Appeal at 63-64, 82).)

2. Petitioner filed an appeal.  On October 28, 1999, the California Court of Appeal for the Third Appellate District affirmed the conviction.  (LD 2.)

3. On November 24, 1999, petitioner filed a petition for review in the California Supreme Court.  (LD 3.)  The California Supreme Court denied the petition on January 19, 2000.  (LD 4.)

4. On June 17, 2015,[2] petitioner filed his first petition for writ of habeas corpus in the Placer County Superior Court.  (LD 5.)  On July 16, 2015, the superior court denied the petition. (LD 6.)  The superior court denied the petition as untimely, citing In re Robbins, 18 Cal. 4th 770, 780 (1998), and In re Clark, 5 Cal. 4th 750, 765 (1993).  (LD 6.)  The superior court also found that petitioner could have presented his claims on direct appeal, and that, even if the court considered the merits of his claims, petitioner failed to set forth a prima facie case for relief.  (Id.)

---

[2] All of petitioner's state court filings were given benefit of the mailbox rule.  See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

3

5. On August 12, 2015, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. (LD 7.) On September 3, 2015, the appellate court denied the petition without comment or citation. (LD 8.)

6. On October 15, 2015, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 9.) On February 17, 2016, the California Supreme Court denied the petition without comment or citation. (LD 10.)

7. On April 14, 2016, petitioner constructively filed the instant federal petition. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

IV. Statutory Tolling

Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that petitioner's direct review became final or the date of the expiration of the time for seeking such review. Id.

On January 19, 2000, the California Supreme Court denied petitioner's petition for review on direct appeal. Petitioner then had ninety days, or until April 18, 2000, to file a petition for writ of certiorari with the U.S. Supreme Court. See Sup. Ct. R. 13. Because petitioner did not file a petition for writ of certiorari, AEDPA's one-year statute of limitations began to run the next day, on April 19, 2000, and expired on April 19, 2001. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that AEDPA's one-year limitations period begins to run on the date "when the period within which the prisoner can petition for a writ of certiorari from the United States Supreme Court expires[.]"). In other words, petitioner was required to file his petition for federal habeas relief by April 19, 2001.

The statute of limitations period expired on April 19, 2001. Petitioner did not file any state court petition prior to the expiration of the limitations period. Rather, all of petitioner's habeas petitions filed in state court were filed after the limitations period expired. State habeas petitions filed after the one-year statute of limitations has expired cannot revive the statute of limitations and have no tolling effect. Ferguson, 321 F.3d at 823. Thus, petitioner's habeas petitions filed in state court in 2015 provide no tolling.

////

Petitioner did not file his federal petition until April 14, 2016, over fourteen years and eleven months after the limitations period expired. Thus, petitioner failed to file his federal petition within the one year statute of limitations period.

V. Later Accrual Date

In his opposition, petitioner appears to seek a later accrual date under 28 § 2244(d)(1)(C). Petitioner argues that because his state habeas petitions asserted claims based on People v. Vargas, 59 Cal. 4th 635, 640 (2014),[3] and People v. Chiu, 59 Cal. 4th 155 (2014) (aider and abettor cannot be found guilty of first degree murder under the "natural and probable consequence" theory), the state courts improperly found his petitions were untimely filed. Petitioner contends that Vargas and Chiu created newly-recognized constitutional rights that should be retroactively applied to his petition. Respondent counters that because Vargas and Chiu are California state cases, and not United States Supreme Court decisions newly recognizing and retroactively applying a constitutional right, such state cases cannot delay the start of the AEDPA limitations period. (ECF No. 18 at 3.)

If a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). "In order for a constitutional right newly recognized by the Supreme Court to delay the statute of limitations the right must not only be newly recognized, but must also be retroactively applicable to cases on collateral review." Packnett v. Ayers, 2008 WL 4951230, at *4 (C.D. Cal. Nov. 12, 2008). The one-year statute of limitations "runs from the date the right was initially recognized, even if the [Supreme] Court does not declare that right to be

---

[3] In Vargas, the California Supreme Court held that it was inconsistent with the "spirit of the Three Strikes law" to treat two crimes "tried in the same proceeding[,] . . . committed during the same course of criminal conduct, . . . based on the same act, committed at the same time, [and] against the same victim" as separate strikes under California's three-strikes law. Vargas, 59 Cal. 4th at 638-39. It also noted, however, that the facts of that case were an "extreme situation" and that even when charges are tried in the same proceeding, "such convictions can nevertheless constitute two separate strikes because the Three Strikes law does not require that prior convictions, to qualify as strikes, be brought and tried separately." Vargas, 59 Cal. 4th at 638 (citation omitted).

5

retroactive until later." Johnson v. Robert, 431 F. 3d 992, 992 (7th Cir. 2005) (citing Dodd v. United States, 545 U.S. 353, 358-60 (2005)); see also Mason v. Almager, 2008 WL 5101012 (C.D. Cal. Dec. 2, 2008) (citing Johnson and Dodd).

Petitioner's argument is unavailing. Both Vargas and Chiu involved state law issues that were resolved by a state supreme court, and cannot be relied upon for a later accrual date under AEDPA. See 28 U.S.C. § 2244(d)(1)(c). Only the United States Supreme Court can recognize a new rule of constitutional law for the purposes of 28 U.S.C. § 2244(d)(1)(C). See Dodd, 545 U.S. at 358-60 (construing identical language in 28 U.S.C. § 2255 as expressing "clear" congressional intent that delayed accrual is inapplicable unless the United States Supreme Court itself has made the new rule retroactive). See also Weathers v. Adams, 2017 WL 749028 at *3 (E.D. Cal. Feb. 27, 2017) (Chiu cannot provide later accrual of federal limitations period); Shavers v. Fox, 2017 WL 467841 at *4 (N.D. Cal. Feb. 3, 2017) (Vargas cannot provide later accrual of federal limitations period). Thus, the California Supreme Court's holdings in Vargas[4] and Chiu[5] offer

---

[4] In any event, respondent properly argues that Vargas does not apply. In Vargas, the California Supreme Court held that California trial courts are required to dismiss one of defendant's two prior strike convictions at sentencing if those convictions were based on the same single act against a single victim. Vargas, 59 Cal. 4th at 637. In other words, two prior convictions arising out of a single act against a single victim cannot constitute two strikes under the Three Strikes law. Vargas, 59 Cal. 4th at 637. But here, petitioner was not alleged to have suffered any prior conviction strikes. (LD 1.) In addition, "[a] federal court may not issue a writ on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984); Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir. 1989) (alleged violation of state sentencing statute). Here, Vargas did not apply federal constitutional law. Rather, it addressed only state sentencing law; specifically, interpretation of the California Three Strikes Law. Id. at 645-49. Therefore, petitioner's claim that his sentence is improper under Vargas does not implicate a federal constitutional right.

[5] Moreover, as argued by respondent, Chiu offers petitioner no relief because petitioner was not convicted of first degree murder based solely on the natural and probable consequences doctrine. Rather, petitioner pled no contest to first degree felony murder. Although aiding and abetting can be a concept in felony murder where a co-participant in a robbery or burglary commits the actual killing, see bracketed alternative in CALCRIM 540B, it is not a required basis for conviction on felony murder. People v. Cavitt, 33 Cal 4th 187, 197-99 (2004). In any event, the potential for aiding and abetting in a felony murder conviction is not based on the aider and abettor committing actions with the natural and probable consequence of murder, which was, until Chiu, a theory of conviction for aider and abettor first degree murder unto itself. Felony murder was expressly held outside the ambit of its ruling. Chiu, 59 Cal. 4th at 166 ("Our holding in this case does not affect or limit an aider and abettor's liability for first degree felony murder under section 189.").

petitioner no federal habeas relief.[6]

VI. Equitable Tolling

The limitations period may be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. Id.

Petitioner did not seek equitable tolling. But he fails to demonstrate that extraordinary circumstances beyond his control prevented him from timely filing his federal petition. Rather, petitioner states that he "avoided piecemeal presentation of his claims until the elucidation of the Chiu and Vargas rulings by the California Supreme Court in order to consolidate the issues of merit that were potentially time-barred." (ECF No. 14 at 3-4.) Petitioner's statement suggests he mistakenly, yet intentionally, waited to file the instant petition. In addition, petitioner failed to demonstrate that he was diligent from April 19, 2000, when the limitations period began, and April 19, 2001, when the limitations period expired. Petitioner's diligence in 2015 does not provide equitable tolling for the limitations period which had already expired. Petitioner fails to allege facts suggesting he is entitled to equitable tolling for the almost fifteen year delay in filing

---

[6] But even assuming, *arguendo*, that Vargas and Chiu were appropriately and retroactively applied, the instant petition remains untimely-filed. Vargas was decided on July 10, 2014, after Chiu was decided. Using July 11, 2014, as the new accrual date for the statute of limitations period, petitioner did not file his first state habeas petition until June 17, 2015. By June 17, 2015, 341 days of the limitations period would have expired. The limitations period would be tolled during the pendency of his state habeas petitions, until February 17, 2016, the date the California Supreme Court denied his petition. The limitations period would begin running again the next day, February 18, 2016, and would expire on Sunday, March 13, 2016, 24 days later. Because the 24th day fell on a Sunday, petitioner would have had until March 14, 2016 to file the instant petition. However, petitioner did not file the instant petition until April 14, 2016, over a month after the limitations period would have expired.

7

the instant petition. Accordingly, the undersigned finds that petitioner has not met his burden of demonstrating the existence of grounds for equitable tolling.

VII. Evidentiary Hearing

Petitioner requested an evidentiary hearing. The decision to grant an evidentiary hearing in a federal habeas case is left to the sound discretion of the district courts. Schiro v. Landrigan, 550 U.S. 465 (2007). When a habeas petitioner makes "a good-faith allegation that would, if true, entitle him to equitable tolling" the motion for an evidentiary hearing should be granted. Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003). But a federal evidentiary hearing is unnecessary if the petitioner's claim can be resolved on the existing record. Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998). In addition, conclusory allegations, unsupported by specific facts, do not warrant an evidentiary hearing. Williams v. Woodford, 384 F.3d 567, 589 (9th Cir. 2002) (citing Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir. 2001). "[A] petitioner's statement, even if sworn, need not convince a court that equitable tolling is justified should countervailing evidence be introduced." Laws, 351 F.3d at 924.

As set forth above, even if extraordinary circumstances did exist, petitioner was not diligent in pursuing his habeas litigation, because he waited over fourteen years before filing the instant petition. Thus, the court finds it is not necessary to hold an evidentiary hearing.

VIII. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 17, 2017

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/rett0885.mtd.hc.sol